```
P6REGOOC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

GOOGLE LLC,

        Plaintiff,

    v.                                    25 Civ. 4503 (OT)

DOES 1-25,
                                Conference

        Defendants.
------------------------------x
                                New York, N.Y.
                                June 27, 2025
                                11:30 a.m.

Before:

                HON. J. PAUL OETKEN,

                             District Judge

                    APPEARANCES

KING & SPALDING LLP
    Attorney for Plaintiff
BY: LAURA E. HARRIS

SIMPSON THACHER & BARTLETT LLP
    Attorney for Third-Party Alibaba
BY: GEORGE S. WANG

HUESTON HENNIGAN
    Attorney for Third-Party VERISIGN
BY: HAGAN SCOTTEN

1              (Case called)
2              MS. HARRIS:  Good morning.
3              This is Laura Harris of King & Spalding for plaintiff
4    Google LLC.
5              THE DEPUTY CLERK:  And for defendant Alibaba.
6              MS. HARRIS:  Correction.  I don't believe Alibaba is
7    the defendant.
8              THE DEPUTY CLERK:  Oh, I'm sorry.  For the third party
9    Alibaba.
10             MR. WANG:  Good morning.
11             It's George Wang from Simpson Thacher.
12             THE DEPUTY CLERK:  And for third party Verisign.
13             MR. SCOTTEN:  Good morning, your Honor.
14             It's Hagan Scotten of Houston Hueston Hennigan.
15             THE COURT:  Good morning.  This is Judge Oetken again.
16             We're here for a telephonic preliminary injunction
17   hearing in this case.  The case is under seal but it's hereby
18   ordered unsealed to the extent of having this hearing with the
19   identified parties, and unsealing orders will be issued shortly
20   based on determination of specification portions of the
21   documents that will be unsealed.
22             This case is 25CV4503, Google v. Does 1-25.  The case
23   concerns BadBox 2.0 Enterprise, which is a bot net as alleged
24   and shown in documents filed by Google.  And the claims in the
25   case are brought under the Consumer Fraud and Abuse Act and the

P6REGOOC

1  racketeering statute or RICO.
2       The case was originally filed under seal on May 30, it
3  was allowed to be filed under seal, and that was with a
4  temporary restraining order and request for preliminary
5  injunction.  I granted the temporary restraining order on the
6  same date, May 30, 2025, initially set a preliminary injunction
7  hearing for two weeks from that date, and then extend the TRO
8  and adjourned the date for the preliminary injunction hearing
9  to today, which is June 27, 2025.  I'm not going to go into the
10 details of the filings at this point.  When the documents are
11 unsealed, it'll be clear what the case is about, and anyone
12 who's been served will know what the claims are and what the
13 basis for the temporary restraining order is.
14      So, we're now here on the request for a preliminary
15 injunction.  I'm going to start with Ms. Harris and you can
16 give me any background you'd like to give me, and then I'll ask
17 whether there's -- I have not received anything from any of the
18 John Doe defendants.  I will ask whether there's anyone who
19 wishes to speak on their behalf after hearing from Ms. Harris,
20 and then I'll ask counsel for Alibaba and Verisign to state
21 whatever they'd like to address.
22      So, starting with Ms. Harris.
23      MS. HARRIS:  Thank you, your Honor.
24      We submit that a preliminary injunction is necessary
25 in this action in order to preserve the takedown on BadBox 2.0,

1   which as we've noted, is one of the largest bot nets of the
2   past decade.  As the Court noted, it's already found that
3   Google has established each of the factors required for a
4   preliminary injunction through the entry of the TRO.  We're
5   happy to walk through those factors here or rest on our papers
6   as the Court prefers.  And we can also go into details with
7   service or any details related to the takedown that would be
8   useful to the Court.
9            THE COURT:  Thank you.
10           I don't need you to go through the factors for a
11  preliminary injunction, which are the same as for a temporary
12  restraining order.  I've found those to be met.  And unless I
13  hear from someone for the John Doe defendants who wishes to
14  dispute any of those, I don't think there's any question that
15  they're met.  I will ask you to briefly just summarize for the
16  record service as it's been effected.
17           MS. HARRIS:  Of course, your Honor.
18           So, we -- so, we have served -- I'm sorry, your Honor.
19  I'm just pulling it up.
20           We had served 148 email addresses received from the
21  registrars and registries and served through a public website
22  that was put online on June 20.  And after acquiring some
23  additional information, we served one additional defendant on
24  June 25.  We had received roughly 50 mailing addresses as well
25  from registries and registrars, but all but five of those

1    physical address turned out to be false.  We served the viable
2    addresses by FedEx on June 20 as well.  So we have not received
3    any indication of opposition from the John Doe defendants but
4    have met all of the factors for alternative service that the
5    Court permitted in its TRO.
6             THE COURT:  All right.  Thank you.
7             And I will also note that Google posted bond of
8    $75,000 as required on June 16, 2025.
9             So, I'll let to Alibaba and Verisign in a moment.  Is
10   there anyone on the line who wishes to speak for the defendants
11   or for any other interested party with respect to the decision
12   whether to enter a preliminary injunction?
13            All right.  Hearing none.
14            I did receive a letter from counsel for Alibaba,
15   Mr. Wang, and then also a letter from Verisign, and I'll start
16   with Mr. Wang.
17            Anything you'd like to address?
18            MR. WANG:  Thank you, your Honor.
19            I think our letter covered what we would like to
20   address.  I think the party -- and I'll let the others speak
21   for themself too, but I believe that we're all in agreement
22   that the website referenced in our letter should not be in the
23   PI or whatever is issued going forward, and we're in alignment
24   with that.  And that was the main purpose of our submission,
25   just to document that and ensure that that website is not

1    included going forward.

2    　　　　We also filed it under seal because the client is very

3    concerned about any association with the malicious bots and

4    would prefer that any further references to it as a registered

5    holder of that particular website, which was included we

6    believe in error, be minimized going forward.  So that was the

7    reason for the request for filing under seal.

8    　　　　THE COURT:  All right.  Thank you.

9    　　　　And, Mr. Scotten.

10   　　　　MR. SCOTTEN:  Thank you, your Honor.

11   　　　　With respect to Verisign, I think the parties are all

12   in agreement about removal of that website.  I think we're also

13   all in agreement that the preliminary injunction, which I

14   haven't seen a copy of, but to the extent your Honor has a

15   draft, we haven't seen it, that the preliminary injunction

16   would not contain what we refer to as the springing language in

17   the temporary retraining order that allows Google to amend the

18   appendix, essentially to add additional domains without

19   securing specific approval from the Court.  And again, I think

20   we can form agreement on that, we just wanted to make sure that

21   was something the Court was doing.

22   　　　　THE COURT:  Yes.  That is my understanding.  And I

23   understand the parties agree on both of those points, and I

24   agree as well that given that the domain is referenced,

25   everyone agrees it was essentially a mistake, that there's no

1  reason it needs to be identified in the appendix referenced in
2  the TRO, preliminary injunction, and the complaint.  It can be
3  redacted and that the standard for redaction is appropriate.
4  And also I want to confirm with Ms. Harris, but the preliminary
5  injunction as proposed does not permit adding domain names
6  except with permission of the Court.
7           Is that right, Ms. Harris?
8           MS. HARRIS:  Yes, that's right, your Honor.
9           And we don't take a position on whether or not the
10 inclusion was a mistake, but we obviously agree that the domain
11 should not be included in Amended Appendix A, and agree that
12 the provision that Mr. Scotten referenced is the PI order that
13 we proposed in our letter of last evening.
14          THE COURT:  All right.  Thank you.
15          Is there anyone else who wishes to be heard?
16          All right.  Thank you.
17          I'm not going to get into the merits in detail or the
18 irreparable harm or the balance of hardships or public
19 interest, which are the factors that have to be met for a
20 preliminary injunction, I've addressed those in the TRO, and I
21 do find that they are satisfied for the same reasons and that a
22 preliminary injunction is warranted, and there's no objection
23 to that by any of the defendants.  And as we've discussed, the
24 redactions of one domain name will be made and the redactions
25 requested by the parties of certain letters are also approved

1    for the reasons stated in the letters, and the preliminary
2    injunction will have language that permits the addition of
3    domain names only with permission of the Court.  And I believe
4    that addresses everything.
5         And the case will be unsealed subject to those
6    rulings.  It might take a little bit of time for the unsealing
7    to occur given the technical issues with getting that done in
8    the clerk's office, but it will happen.  So, the case is
9    officially unsealed subject to those certain redactions.
10         Is there anything else from counsel for plaintiff?
11         MS. HARRIS:  Yes, your Honor.
12         We just wanted to request also that the name of our
13   declarant be redacted.  I think that was included in our letter
14   as well but wanted to clarify for the record that we would also
15   request that that redaction be ordered as well.
16         THE COURT:  And when you say "the declarant," is that
17   the declarant on the original filing?
18         MS. HARRIS:  Yes, your Honor, that's right.
19         THE COURT:  Yes.
20         Is there any objection from anyone?
21         All right.  I grant the request -- Go ahead.
22         MR. SCOTTEN:  I was just saying no, your Honor.  If
23   you're asking for an objection, we have none.
24         THE COURT:  All right.  Thank you.
25         For the reasons stated in the letter requesting

1  redaction of the declarant's name, I find that it is warranted,
2  given the possibility and potential for retaliation and the
3  severity of that, that the declarant's name be redacted, and
4  that the public interest in publicizing the name is outweighed
5  by the privacy interests and the safety interests in redacting
6  the name given the possibility of retaliation, so I grant that
7  request.
8             Anything further from plaintiff?
9             MS. HARRIS:  Nothing further, your Honor.  Thank you.
10            THE COURT:  And anything further from Mr. Wang?
11            MR. WANG:  No, your Honor.  Thank you very much.
12            THE COURT:  And anything further from Mr. Scotten?
13            MR. SCOTTEN:  No.  Thank you, your Honor.
14            THE COURT: All right.  Anything further from anyone
15 else?
16            All right.  Thank you, everyone.
17            We are adjourned.
18            (Adjourned)
19
20
21
22
23
24
25