## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOOGLE LLC,<br><br>   *Plaintiff,*<br><br> v.<br><br>DOES 1–25,<br><br>   *Defendants.* | Civil Action No.: 1:25-cv-04503-JPO |

### DECLARATION OF LAURA HARRIS IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND A PERMANENT INJUNCTION

I, Laura Harris, hereby declare and state as follows:

1. I am a partner with the law firm of King & Spalding LLP and counsel of record for Plaintiff Google LLC ("Google"). I am a member in good standing of the bar of New York. I make this declaration in support of Google's Motion for Default Judgment and a Permanent Injunction and of my own personal knowledge. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

I.  **Google Properly Served Defendants.**

2. As described more fully below, John Doe Defendants 1–25 ("Defendants") have been properly served with the Complaint, Appendix A, and Amended Appendix A thereto; all of the summons; the Motion for a Temporary Restraining Order ("TRO"); the Memorandum of Law in Support of the Motion for a TRO; this Court's Temporary Restraining Order ("TRO") and Order to Show Cause Regarding a Preliminary Injunction, Order Granting an Extension of the TRO, and the Preliminary Injunction Order pursuant to the means authorized by the Court in the TRO and Preliminary Injunction. *See* ECF No. 34 at Ex. D.

3. A true and correct copy of the Complaint and Appendix A thereto are attached hereto as **Exhibit 1**. A true and correct copy of the Letter Motion and Amended Appendix A to the Complaint are attached hereto as **Exhibit 2.** True and correct copies of the summons and amended summons are attached hereto as **Exhibit 3**. True and correct copies of the Motion for a Temporary Restraining Order, the Proposed TRO and Order to Show Cause Regarding a Preliminary Injunction, and supporting documents are attached hereto as **Exhibit 4**. A true and correct copy of Google's Declaration in Support of Plaintiff's TRO is attached hereto as **Exhibit 5**. A true and correct copy of the Declaration of Laura Harris in Support of Plaintiff's TRO and supporting documents is attached hereto as **Exhibit 6**. A true and correct copy of the Court's Temporary Restraining Order and Order to Show Cause is attached hereto as **Exhibit 7**. A true

and correct copy of the Court's Order Extending TRO and Directing Clerk to Serve Doe Defendants and Accept Bond is attached hereto as **Exhibit 8**. A true and correct copy of the Preliminary Injunction Order is attached hereto as **Exhibit 9**.

4. In light of (a) Google's efforts to serve Defendants by email, mail, and publication on a publicly available website, badbox2serviceofprocess.com, beginning on June 20, 2025, (b) widespread news of this case, and (c) Google's disruption of the botnet's activity and Defendants' actions in response thereto, Defendants have been on notice of this action since at least June 20, 2025, and likely earlier. Yet, to date, none of the Defendants have appeared in connection with this lawsuit. *See* ECF No. 35.

5. The Defendants against whom default judgment is sought are not infants or incompetent persons. I base this conclusion in part on the fact that Defendants have engaged in sophisticated acts of computer intrusion and advertising fraud and have operated and procured sophisticated cybercrime infrastructure. I have seen no indication that Defendants are absent or have failed to file responsive pleadings due to present military service.

**II.   Procedural History**

6. On May 30, 2025, Google filed the Complaint in this matter and the Court entered a TRO enjoining Defendants' botnet-related activities, under seal. *See* Ex. 1, ECF No. 22. On June 6, 2025, the Court extended the TRO. *See* Ex. 8, ECF No. 17. On June 27, 2025, the Court entered a Preliminary Injunction Order. *See* Ex. 9, ECF No. 18. Three days later, the matter was unsealed, ECF No. 16, and the Complaint was publicly filed on the docket on July 11, 2025. ECF Nos. 22–23.

7. On August 27, 2025, Google filed a request for Entry of Default, *see* ECF No. 33, with a Declaration of Laura Harris in Support of Google's Request for Entry of Default, *see* ECF No. 34, and the Clerk of the Court entered a Certificate of Default on August 27, 2025, *see* ECF

No. 35. A true and correct copy of Google's Request for Entry of Default is attached hereto as **Exhibit 10**. A true and correct copy of the Declaration of Laura Harris in Support of Google's Request for Entry of Default is attached hereto as **Exhibit 11**. A true and correct copy of the Certificate of Default is attached hereto as **Exhibit 12**.

**III.     Service of Process**

8.     The Court found good cause to grant alternate service by email, mail, and publication on a publicly available website, pursuant to Rule 4(f)(3), and, as described more fully below, the Defendants have been properly served pursuant to the means authorized by the Court.

    **a.     Identification of Defendants' Email Addresses & Phone Numbers**

9.     In connection with the disruption of the botnet, Google served the Court's Temporary Restraining Order and Order to Show Cause ("TRO") on the third-party internet domain registrars (the "registrars") and internet registries (the "registries") for the domains listed in Appendix A. Many of the registrars provided contact information associated with the relevant accounts, including the email addresses and mailing addresses used to register the domains in question.

10.     Pursuant to the Court's order, King & Spalding used this contact information to effectuate service on the Defendants.

11.     I oversaw Google's efforts to provide service and notice to the Defendants through the multiple channels identified below.

    **b.     Service by Email**

12.     Google attempted to effectuate service by email, as authorized by the Court. Google received from the registrars 142 email addresses used to register domains listed in Appendix A. I oversaw the process of sending notice of this lawsuit to each of these email addresses.

13. Each email attempting to effectuate service was sent by an attorney at King & Spalding with the following text:

> A lawsuit has been initiated against you in the United States District Court of the Southern District of New York. The following link contains copies of the restraining order, summons and complaint, and related filings.
>
> badbox2serviceofprocess.com
>
> King & Spalding LLP

14. King & Spalding received delivery failure notifications for 91 of the 142 email addresses. Each of the 91 email addresses were "domainsbyproxy.com" email addresses. King & Spalding emailed a different email address that correlated to each "domainsbyproxy.com" email address and did not receive a delivery failure notification for the email address not associated with "domainsbyproxy.com". Emails were successfully delivered to 51 email addresses.

15. King & Spalding attempted to effectuate service by email, as described above, on June 20, 2025, at approximately 7:00 p.m. ET.

16. On July 10, 2025, King & Spalding attempted to effectuate service of additional filings, including an Amended Summons issued by the Clerk on July, 10, 2025, to the 142 email addresses previously mentioned and an additional 9 email addresses associated with domains listed on Appendix A. King & Spalding received delivery failure notifications for 92 of the 151 email addresses, which again included each of the "domainsbyproxy.com" email addresses and an email address associated with long[.]tv, which is not included on the Amended Appendix A.

**c.   Service by Publication**

17. Google also attempted to effectuate service by publication through a publicly available website, as authorized by the Court.

18.     On June 20, 2025, Google published the website badbox2serviceofprocess.com, which contains links to all relevant pleadings and orders as well as contact information for Google's counsel. That website is routinely updated.

19.     The website prominently displays the following text:

> Plaintiff Google LLC ("Google") has sued Defendants Does 1–25 associated with the Internet domains listed in the pleading set forth below. Google alleges that Defendants have deployed BadBox 2.0 malware to form a botnet—a network of internet-connected devices, each of which is infected by BadBox 2.0 malware—to infiltrate devices and use that illicit access to commit cybercrimes. Google alleges that, through these actions, the Defendants have violated federal law. Google sought and received a temporary injunction enjoining the Defendants from these and other activities and directing the third parties associated with Defendants' Internet domains to take all steps necessary to disable access to and operation of BadBox 2.0-affiliated domains. Google intends to seek a preliminary injunction and other equitable relief. Full copies of the pleading documents, related filings, and orders from the Court are available below.
>
> NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY! You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 21 days of the date of first publication specified herein. It must be in proper form and have proof of service on Google's attorney, Laura Harris, King & Spalding LLP, 1185 Ave. of the Americas, 34th Floor, New York, NY 10036. If you have questions, you should consult with your own attorney immediately.

20.     A link to this website was also included in each service of process email. Attached hereto as **Exhibit 13** is a true and correct copy of a printed copy dated August 20, 2025, of the publicly available website, badbox2serviceofprocess.com.

**d.     Service by Mail**

21.     Google also attempted to effectuate service by physical mail. Google received 54 mailing addresses from registrars, only a few of which corresponded to a physical location.[1] Only

---

[1] Some examples of false mail addresses include: dadadada eerrdfdfadfa, sdfsdfsdf sdfs 3323232 HK; tiananmen, ??, Beijing, 110000, China; tiananmen, 北京, Beijing, 110000, China; and Empire State Building 350 Fifth Avenue, New Yourk, New York 770011 US.

five of the mailing addresses existed in the FedEx system such that a mailing label could be created. On June 20, 2025, at 6:00 p.m. ET, Google attempted to serve Defendants by FedEx at the following physical addresses:

> Global Internet Telemetry Measurement Collective
> 427 N Tatnall St.
> Wilmington, DE, 19801-2230, US
>
> Guoyong Liu
> 27406 SE 8th PL
> Sammamish, WA 98075, US
>
> Moishi Kramer
> Brivibas iela 91 Riga
> Riga P LV
> Riga LV-1001
>
> Nanci Nette
> 1619 N. La Brea Ave #221
> Los Angeles, CA 90028
>
> John Smith
> 240 Stockton St, 9th Floor
> San Francisco, CA 94108

22. On July 9, 2025, the FedEx package sent to Global Internet Telemetry Measurement Collective was returned to King & Spalding's office because FedEx was unable to deliver the shipment. On July 10, 2025, the package sent to Moishi Kramer was returned to King & Spalding's office for the same reason. On July 18, 2025, an associate at King & Spalding spoke with Kimberly Fay on the phone. Ms. Fay explained that she worked at the List Agency, which is located at 240 Stockton Street, 9th Floor, San Francisco, CA 94108, and that the office received the package with court filings from King & Spalding. Ms. Fay noted that no one by the name of John Smith worked at the List Agency, no one at the location knew a person named John Smith, and that the address must be incorrect.

23. On July 23, 2025, Google attempted to serve Defendants with additional documents by FedEx at the following physical addresses that Google received from registrars:

> Guoyong Liu
> 27406 SE 8th PL
> Sammamish, Washington 98075
>
> Nanci Nette
> 1619 N. La Brea Ave #221
> Los Angeles, CA 90028

24. On July 29, 2025, the FedEx package sent to Guoyong Liu was returned to King & Spalding's office because FedEx was unable to deliver the shipment. The FedEx package sent to Nanci Nette was also returned to King & Spalding's office.

**IV.    Additional Means of Notification**

25. Upon information and belief, the Defendants also have actual notice of this proceeding given the impact of the TRO, the Preliminary Injunction Order, and Google's disruption efforts thereunder.

26. Following the Court's issuance of the TRO on May 30, 2025, Google began its efforts to sinkhole the Internet domains associated with the BadBox 2.0 botnet and the Enterprise. As detailed in the Court's Preliminary Injunction Order, *see* ECF 18, Google's efforts have led to the suspension or disruption of 156 domains associated with the BadBox 2.0 Enterprise.

27. Google's efforts led to sinkholing domains that routed up to 8 million IP addresses per day.

28. Google has also published a blog post regarding this matter with a link to a public version of the docket. *See* "We're taking legal action against the BadBox 2.0 botnet," Blog.Google, (July 17, 2025), https://tinyurl.com/2nxprn3r.

29. Further, many cybersecurity news websites have published stories concerning this litigation. Below are excerpts of this media coverage detailing the claims against the Defendants:

- Lawrence Abrams, "Google sues to disrupt BadBox 2.0 botnet infecting 10 million devices," Bleeping Computer (July 17, 2025), https://www.bleepingcomputer.com/news/security/google-sues-to-disrupt-badbox-20-botnet-infecting-10-million-devices/ ("Google has filed a lawsuit against the anonymous operators of the Android BadBox 2.0 malware botnet, accusing them of running a global ad fraud scheme against the company's advertising platforms.").

- Alex Lekander, "Google Sues Operators of BadBox 2.0 Botnet Behind Massive Global Malware Scheme," Cyber Insider (July 18, 2025), https://tinyurl.com/2w6nxwxb ("Google has filed a lawsuit in a New York federal court targeting the operators of the BadBox 2.0 botnet, a massive malware operation that silently compromised over 10 million Android-based devices to commit large-scale ad fraud and cybercrime.").

- Ravie Lakshmanan, "Google Sues 25 Chinese Entities Over BADBOX 2.0 Botnet Affecting 10M Android Devices," The Hacker News (July 18, 2025), https://tinyurl.com/c6nvu7z7 (Cybersecurity media outlet noting that Google is "pursuing legal action in New York federal court against 25 unnamed individuals or entities in China for allegedly operating BADBOX 2.0 botnet and residential proxy infrastructure.").

- Ionut Arghire, "Google Sues Operators of 10-Million-Device Badbox 2.0 Botnet," Security Week (July 18, 2025), https://tinyurl.com/ymu3rpku ("Google on Thursday announced filing a lawsuit against the operators of the Badbox 2.0 botnet, which has ensnared more than 10 million devices running Android open source software.").

- Anna Washenko, "Google is suing the BadBox 2.0 botnet group," Engadget (July 17, 2025), https://tinyurl.com/27afbe43 ("Google has filed a lawsuit against the operators of a what is believed to be the largest smart TV botnet in the world — BadBox 2.0.").

- Owotunse Adebayo, "Google sues operators of BadBox 2.0 amid fight against cyber threats," Cryptopolitan (July 19, 2025), https://tinyurl.com/3485vesp ("Google has initiated a lawsuit against the operators of BadBox 2.0 as it continues to expand its fight against cyber threats.").

## V. Defendants' Ongoing Conduct

30. Without a permanent injunction, Defendants will continue to participate in cybercriminal activities through the BadBox 2.0 Enterprise. These actions will continue to cause harm to Google, its customers, and the public.

## VI. Damages

31. Google's Complaint sought a judgment awarding (i) actual damages, (ii) enhanced, exemplary, and special damages, and (iii) attorneys' fees and costs, *see* Ex. 1, ECF No. 22. Google has withdrawn its request for monetary damages in connection with its motion for Default Judgment and a Permanent Injunction.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is a true and correct to the best of my knowledge.

Executed on September 3, 2025, in New York, New York.

                                                                   */s/ Laura Harris*
                                                                     Laura Harris